**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

MAURICE MCLAIN,

               Petitioner,

v.                                   **CRIMINAL ACTION NO. 4:14-cr-59-4**

UNITED STATES OF AMERICA,

               Respondent.

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Maurice McLain's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Title 28, United States Code, Section 2255 (" § 2255 Motion"). ECF No. 425. Having reviewed the motion and filings, the Court finds that a hearing is not necessary to address Petitioner's motion.  *See* 28 U.S.C. § 2255(b). Additionally, Petitioner's second Motion for Extension of Time to Reply is **DENIED**. *See* ECF No. 443. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**. *See* ECF No. 425.

### I. FACTUAL AND PROCEDURAL HISTORY

From December 2003 until June 2012, Petitioner and his co-defendants were members and associates of a criminal organization known as Thug Relations. ECF No. 310 at 3–5. Members of the criminal organization engaged in acts of violence, including the murder of Aaron Sumler on July 5, 2007 and the shooting of B.L. on January 10, 2008. *Id.* The purpose of these shootings was to maintain the criminal organization's control over its claimed drug turf. *Id*. On March 9, 2015, Petitioner was named in a seventeen-count Second Superseding Indictment. *See* ECF No. 15. On June 17, 2016, Petitioner was found guilty of Count 1, Racketeering

1

Conspiracy, in violation of 18 U.S.C. § 1962(d). ECF No. 286. On February 16, 2017, the Court sentenced Petitioner to 480 months imprisonment on Count 1, to be served concurrently with the 60 months imposed on Count 1 of case number 4:11cr89-9, but consecutively to the 120 months imposed on Count 13 of case number 4:11cr89-9. ECF Nos. 358, 359. Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") and his petition for a writ of certiorari was rejected by the United States Supreme Court ("Supreme Court"). ECF Nos. 396, 397, 401, 402, 407, 410.

On November 7, 2019, Petitioner submitted his Letter Motion Requesting an Extension of Time to File § 2255 Motion. ECF No. 421. On November 25, 2019, the Court ordered Petitioner to submit his § 2255 Motion by December 23, 2019. ECF No. 423. On December 20, 2019, Petitioner submitted his § 2255 Motion. ECF No. 425-1. On January 15, 2020 the Court ordered the Government to respond. ECF No. 428. On February 28, 2020, the Government responded in opposition to Petitioner's § 2255 Motion. ECF No. 433. On March 13, 2020, Petitioner requested an extension of time to file his reply. ECF No. 437. On March 23, 2020, the Court granted Petitioner's request for an extension of time to file his reply, setting a due date of April 23, 2020. ECF No. 439. On April 23, 2020, Petitioner requested a second extension to file his reply. ECF No. 443. After reviewing the filings pursuit to Petitioner's § 2255 Motion, the Court has determined that a reply is not necessary. As such, this matter is ripe for disposition.

## II. LEGAL STANDARD

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by

a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains;" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

### III. DISCUSSION

In his § 2255 Motion, Petitioner raises three grounds for relief. Each of Petitioner's contentions is without merit and will be addressed in turn.

**A. Petitioner's Purported Ineffective Assistance Claims Have Already Been Fully Considered On Appeal**

Petitioner raises the following grounds for relief related to the alleged ineffectiveness of his trial counsel: (1) his trial counsel was ineffective for their failure to object to improper opening and closing statements from the Government; and (2) his trial counsel was ineffective for failing to object to the sufficiency of the evidence supporting his conviction. However, Petitioner's own filing demonstrates that these issues have already been considered on appeal.

A petitioner seeking relief pursuant to § 2255 "cannot circumvent a proper ruling…on direct appeal by re-raising the same challenge in a § 2255 motion." *Dyess*, 730 F.3d at 360 *quoting United States v. Linder,* 552 F.3d 391, 396 (4th Cir. 2009); *United States v. Roane,* 378 F.3d 382, 396 n. 7 (4th Cir. 2004). Further, § 2255 petitioners may not "recast, under the guise of collateral attack, questions fully considered…on direct appeal." *Dyess*, 730 F.3d at 360 *quoting Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir. 1976).

In his § 2255 Motion, Petitioner represents that his claims regarding the Government's opening and closing statements and the sufficiency of the evidence against him were already considered on appeal.[1] ECF No. 425 at 3. The Fourth Circuit's opinion affirming Petitioner's conviction and sentence confirms that these issues were raised on appeal.[2] *United States v.*

---

[1] Petitioner's § 2255 Motion makes the following statement on his previously rejected appeal:

> Grounds raised on appeal, the evidence was insufficient to sustain a conviction, and reliance on a single uncorroborated witness whose testimony is refuted by the physical evidence violates due process.

> McClain was denied due process and a fair trial by improper government opening and closing statements and evidence by the Court's limiting cross-examination and defense evidence and the Court's comments.

ECF No. 425 at 3.

[2] On direct appeal, the Fourth Circuit rejected McClain's challenges to the Court's "trial management decisions," including the Court's allowance of the Government's opening and closing statements. *United States v. McClain*, 728 F. App'x 171, 174 (4th Cir. 2018). The Fourth Circuit also made the following conclusion regarding the sufficiency

*McClain*, 728 F. App'x 171, 173, 174 (4th Cir. 2018). Further, no construction of Petitioner's § 2255 Motion could support a finding of cause and prejudice or actual innocence. Accordingly, Petitioner may not recharacterize these previously rejected contentions into unspecific arguments on the ineffectiveness of his trial counsel. Petitioner has not presented any cognizable claim for ineffective assistance of counsel independent of his past contentions on the Court's affirmed allowance of the Government's opening and closing statements and the sufficiency of the evidence. Accordingly, it is apparent from Petitioner's own motion and the record of prior proceedings that he is not entitled to relief. Therefore, grounds one and two of his § 2255 Motion are without merit.

**B. Petitioner Claims Regarding the Applicability of 18 U.S.C. § 924(c) Are Irrelevant**

Petitioner claims his conviction in the instant case is not a crime of violence and cannot act as the underlying offense for a conviction pursuant to 18 U.S.C. § 924(c) after *United States v. Davis*, 139 S. Ct. 2319 (2019). However, Petitioner's conviction in the instant case is for Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d), not a firearm violation in violation of 18 U.S.C. § 924(c). Because Petitioner's third ground for relief is irrelevant to his offense of conviction in this case, it is denied.

**C. Petitioner's Motion for Extension of Time to Reply**

As stated above, it is apparent from Petitioner's own motion and the record of prior proceedings that he is not entitled to relief. District courts have inherent power to control the progress of a case so as to maintain the orderly processes of justice. *Enelow v. New York Life Ins.*

---

of the evidence against Petitioner and his co-defendants:

> Having carefully reviewed the entire record, we find that the jury had ample evidence from which it could reasonably conclude that these Defendants were guilty beyond a reasonable doubt of the crimes with which they were charged. Because Defendants have not met the heavy burden necessary to disturb the verdicts against them, we reject their claims of insufficient evidence.

*Id.* at 173.

*Co.*, 293 U.S. 379, 382 (1935). The authority of the district court to manage its own docket includes the management of habeas proceedings pursuant to § 2255. *Ryan v. Gonzalez*, 568 U.S. 57, 74 (2013) (confirming that the Anti-Terrorism and Effective Death Penalty Act does not deprive district courts of the authority to manage their own dockets). Because Petitioner's § 2255 Motion presented no cognizable grounds for relief, the Court had the authority to summarily dismiss the motion. *See supra* Part III.A. It naturally follows that the Court has the inherent authority to deny Petitioner's § 2255 Motion without the submission of a reply brief. Therefore, Petitioner's second Motion for Extension of Time to Reply is denied.

## IV. CONCLUSION

Based on the foregoing, Petitioner's Motion second Motion for Extension of Time to Reply (ECF No. 443) is **DENIED**. Petitioner's § 2255 Motion (ECF No. 425) is also **DENIED**.

This Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b)(1). This means that Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017). Petitioner's claims are based on incorrect interpretations of statutory provisions and judicial precedent. As such, Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, and a Certificate of Appealability is **DENIED**.

In addition, the Court **ADVISES** Petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United

States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date. The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED.**

Newport News, Virginia
May 1, 2020

_____
UNITED STATES DISTRICT JUDGE